**SUTRISNO, Durlan Delima, Heli Delima, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–0209–ag.

United States Court of Appeals, Second Circuit.

Aug. 19, 2008.

David J. Rodkin, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Emily Anne Radford, Assistant Director; Patrick J. Glen, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

The lead petitioner, Sutrisno, and his wife and daughter, Durlan and Heli Delima, natives and citizens of Indonesia, seek review of a December 20, 2007 order of the BIA affirming the February 13, 2006 decision of Immigration Judge ("IJ") Robert D. Weisel, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sutrisno, Durlan Dilema, Heli Dilema*, No. A98 903 364/365/366 (B.I.A. Dec. 20, 2007), *aff'g* No. A98 903 364/365/366 (Immig. Ct. N.Y. City Feb. 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

We find that the agency reasonably determined that Sutrisno failed to demonstrate a reasonable fear of future persecution on a protected ground, specifically, his and his family's Chinese ethnicity. 8 U.S.C. § 1101(a)(42) (providing that asylum eligibility requires that the persecution be on account of the applicant's race, religion, nationality, political opinion, or particular social group); *see also Jiang v. Gonzales*, 500 F.3d 137, 140 (2d Cir.2007). At the outset, we note that because Sutrisno failed to argue before the agency that he was eligible for asylum based on a pattern or practice persecution, and because the Government raises his failure to exhaust that issue in its brief, we decline to consider any such argument. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007).

Sutrisno's claim was based on alleged past persecution he suffered during a riot in 1995 and a series of more intense riots in 1998, as well as alleged incidents of extortion he suffered in his place of business from 2003 until he left Indonesia for the United States in 2004. As to the alleged persecution Sutrisno suffered during the 1995 riot, the IJ found that "[Sutrisno] and his family were not harmed during this particular riot in a manner amounting to persecution." Similarly, while Sutrisno alleged that a church next to his brother-in-law's business was burned during an October 1998 riot, and that the business was also burned as a result, he fails to establish that this occurred on account of his or his family's Chinese ethnicity. Further, the IJ reasonably determined that the incidents of extortion perpetrated by Muslim men between 2003 and 2004 were criminal acts, and "[a]ny assertion that it was done because he was Chinese is without any evidentiary support." *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir.1999) ("The increase in general crime that has been documented in the record does not

lend support to an asylum claim since a well-founded fear of persecution must be on account of an enumerated ground set forth in the Act, and general crime conditions are not a stated ground.").

Finally, considering the record as a whole, we do not find that a reasonable fact-finder would be compelled to conclude that the IJ erred in determining that the one occasioni Sutrisno was attacked while driving his daughter home provided the nexus to a protected group.

Sutrisno further argues that the IJ erred in finding that his claim of a well-founded fear of future persecution was undermined by the facts that one of his daughters continues to reside in Indonesia and that his family returned to Indonesia from the United States in 2000. However, it is not improper for the agency to consider an applicant's claim of a well-founded fear of persecution diminished where family members remain in his or her native country. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished). Further, inasmuch as an applicant must show that he or she subjectively fears persecution in order to qualify for relief, *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004), Sutrisno's de-cision to return to Indonesia after the alleged incidents between 1998 and 2000, which make up the bulk of his claim, naturally undermines that claim.

Therefore, we find that the agency's decision to deny Sutrisno's application for failure to bear his burden of proof is supported by substantial evidence. *See Manzur,* 494 F.3d at 289. Further, Sutrisno's inability to meet the burden of proof for asylum necessarily precludes eligibility for withholding of removal, which carries a higher burden of proof. 8 U.S.C. § 1231(b)(3)(A); *Ramsameachire,* 357 F.3d at 178. Finally, we deem Sutrisno's application for CAT relief waived inasmuch as he failed to make any argument with respect to that claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.